UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20450-Civ-COOKE/TURNOFF

MARIO SIMBAQUEBA BONILLA,

    Plaintiff

vs.

U.S. DEPARTMENT OF JUSTICE, *et al*.,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT U.S.
SECRET SERVICE'S MOTION TO DISMISS**

THIS MATTER is before me on Defendant U.S. Secret Service's Motion to Dismiss (ECF No. 18). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendants' Motion to Dismiss is granted.

**I. BACKGROUND**

Plaintiff, Mario Simbaqueba Bonilla, pro se, has filed this action against the U.S. Department of Justice ("DOJ") and the U.S. Secret Service ("Secret Service") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges that he filed a number of FOIA requests with the DOJ and the Secret Service and has not received a timely response to his requests. Specifically, he alleges that the Defendants have failed to produce records within the time period set forth under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

The FOIA requires that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The statute also requires that, upon a request for documents, the

agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

The Secret Service seeks to dismiss the complaint against it as moot because it has provided all responsive documents to Plaintiff.

## II. LEGAL STANDARDS

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction) (citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56[,]" by examining and weighing evidence related to the court's subject matter jurisdiction—its authority to hear the case—and giving no presumptiveness

of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), cert. denied, 454 U.S. 897 (1981)).

### III. ANALYSIS

A district court has jurisdiction over a complaint brought under the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). "Jurisdiction under this statute is based upon the plaintiff's showing that an agency has improperly withheld agency records." *Brown v. U.S. Dept. of Justice,* 169 F. App'x. 537, 540 (11th Cir. 2006).

Where all documents have been released or cannot be located after a search of the most likely locations of said documents, the court must dismiss the case for lack of jurisdiction. *Pavlenko v. I.R.S.*, 2009 WL 1465463, at *1 (S.D. Fla. Apr. 1, 2009) (dismissing case for lack of subject matter jurisdiction where agency presented affidavits and exhibits demonstrating that it has produced all responsive documents to the plaintiff); *see, e.g.*, *Tijerina v. Walters,* 821 F.2d 789, 799 (D.C. Cir. 1987) (upholding dismissal of FOIA claims for lack of live controversy because agency released all nonexempt material); *DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984) ("Once the requested documents have been produced, the claim for relief under FOIA becomes moot."); *Sands v. United States*, No. 94-0537, 1995 WL 552308, *3 (S.D. Fla. Jun. 19, 1995) ("If upon initiation of a lawsuit it is determined that no documents responsive to a FOIA request have been withheld, the litigation should be dismissed as the claim for relief under FOIA becomes moot.").

The Secret Service raises a factual attack to this Court's jurisdiction, and provides as evidence an affidavit of Craig W. Ulmer, the Special Agent of the Liaison Division, Office of Government and Public Affairs, and the FOIA and Privacy Acts Officer for the Secret Service. In the affidavit, Mr. Ulmer provides sufficient information to convince this Court that the Secret Service conducted an adequate search for responsive documents and provided to Plaintiff all non-

exempt documents responsive to his FOIA request.[1]

In his response to the Secret Service's Motion to Dismiss, Plaintiff argues that the agency has a practice or policy of delayed disclosure. He states that this Court should retain jurisdiction over this case to resolve that claim. Plaintiff's Complaint asserts only claims regarding the untimely disclosure of documents requested pursuant to the FOIA. The Secret Service has now provided such non-exempt responsive documents to Plaintiff. There is no longer a live case or controversy before me with respect to Plaintiff's claims against the Secret Service. *See Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."). This Court is therefore without subject matter jurisdiction over the suit against the Secret Service.

### IV. CONCLUSION

It is **ORDERED and ADJUDGED** that Defendant U.S. Secret Service's Motion to Dismiss is **GRANTED**. This Court lacks subject matter jurisdiction over Plaintiff's claims against the Secret Service because they have become moot. This case remains as against Defendant U.S. Department of Justice.

**DONE and ORDERED** in chambers at Miami, Florida, this 24th day of January 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

---

[1] This Court makes no finding that the requested documents are exempt from production. This Court merely finds that all of the requested documents have been produced. *Cf. DeBold*, 735 F.3d at 1040.

4