## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-20450-Civ-COOKE/TURNOFF

MARIO SIMBAQUEBA BONILLA,

     Plaintiff

vs.

U.S. DEPARTMENT OF JUSTICE, *et al*.,

     Defendant.

_____/

### ORDER GRANTING DEFENDANT U.S. DEPARTMENT
### OF JUSTICE'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before me on Defendant U.S. Department of Justice's Motion for Summary Judgment.[1] (ECF No. 30). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion is granted.

### I. BACKGROUND

Plaintiff, Mario Simbaqueba Bonilla, pro se, has filed this action against the U.S. Department of Justice ("DOJ") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges that he filed two FOIA requests with DOJ, to which he has not received adequate responses. Plaintiff addressed one of his requests to DOJ's Office of Professional Responsibility ("OPR") and the other to DOJ's Executive Office for U.S. Attorneys ("EOUSA"), which DOJ forwarded to its Criminal Division.

---

[1] Defendant U.S. Department of Justice initially filed a "Motion to Dismiss or for Summary Judgment," which I converted into a Motion for Summary Judgment. (*See* ECF No. 63).

### A. DOJ OPR FOIA Request No. F100011

On October 19, 2009, Plaintiff sent a FOIA request to DOJ's OPR seeking documents on DOJ employees Vijay Shanker, William Yurek, and Richard Dominguez Boscovich, who he contends committed "several violations of Federal Criminal law while performing official duties." (Riersen Decl. Ex. A, ECF No. 30-1).  OPR assigned this request number F1000011.  (Riersen Decl. Ex. B).

OPR is responsible for investigating allegations of misconduct involving DOJ attorneys or law enforcement personnel.  (Riersen Decl. ¶ 3).  OPR reports the results of any inquiries and investigations to DOJ officials, and, when appropriate, recommends disciplinary and other corrective action.  (*Id.*)

OPR received Plaintiff's October 19, 2009 FOIA request on November 4, 2009.  (Riersen Decl. ¶ 4).  On December 14, 2009, OPR Special Counsel Marlene Wahowiak sent Plaintiff a response refusing to confirm or deny the existence of records pertaining to these individuals based on FOIA Exemptions 6 and 7(C).  (Riersen Decl. Ex. B).  On December 20, 2009, Plaintiff appealed the OPR's determination to the Office of Information Policy ("OIP").  (Riersen Decl. Ex. C).  On August 11, 2010, OIP's Associate Director, Janice Galli McLeod, affirmed the OPR's determination and notified Plaintiff of mediation services available through the Office of Government Services and his judicial appeal rights.  (Riersen Decl. Ex. D).

### B. DOJ Criminal Division FOIA Request No. 200900783

On September 14, 2009, Plaintiff submitted a FOIA request to DOJ's EOUSA, which referred the letter to DOJ's Criminal Division for review and response on around October 15, 2009. (Cunningham Decl. ¶ 6).  The request sought all records pertaining to himself and to DOJ employees Richard Dominguez Boscovich, William Yurek, Vijay Shanker, and Department of Defense Special Agent Jim Olmstead.  (Cunningham Decl. Ex. 1).  After conducting various record

searches, the Criminal Division informed Plaintiff on April 7, 2010, that it had located records responsive to the request, but those records related to open and ongoing law enforcement proceedings. (Cunningham Decl. Ex. 7). As a result, release at that time could reasonably be expected to interfere with those proceedings. (*Id.*) Additionally, the documents concerned personal privacy information about third parties. (*Id.*) The Criminal Division claimed that the documents were exempt from disclosure under Exemptions 5, 6, 7(A), and 7(C). (*Id.*) The Criminal Division informed Plaintiff that he had the right to file an administrative appeal to OIP, which OIP must receive within sixty days of April 7, 2010, the date of the letter. (*Id.*)

On June 14, 2010, OIP received Plaintiff's appeal. (Cunningham Decl. Ex. 9). On July 9, 2010, OIP closed Plaintiff's appeal because it received the appeal eight days after the regulatory deadline. (Cunningham Decl. Ex. 10). Plaintiff claims his appeal was timely because the sixty-day period to file his appeal excludes holidays and weekends.

### C. Procedural History

On February 9, 2012, DOJ filed a "Motion to Dismiss or for Summary Judgment." DOJ argues that Plaintiff's claims regarding the Criminal Division FOIA request must be dismissed because Plaintiff failed to exhaust his administrative remedies, and his claims based on the OPR request must be dismissed because the records are exempt from disclosure.

After reviewing the record, on May 25, 2012, I entered an Order denying Plaintiff's Motion for Discovery and Granting Defendant's Motion for Protective Order (ECF No. 54), in which I found that discovery was not necessary for Plaintiff to respond to the DOJ's "Motion to Dismiss or for Summary Judgment." I did, however, order DOJ to provide the records at issue in the OPR FOIA request, if they exist, for *in camera* inspection to determine whether DOJ properly invoked FOIA exemptions with respect to that request.

On June 8, 2012, DOJ submitted materials for *in camera* review.  Because I had to refer to outside materials to resolve the motion to dismiss, on August 9, 2012, I filed an Order notifying Parties of Conversion of Motion to Dismiss into Motion for Summary Judgment (ECF No. 63), giving the parties ten days to submit any additional evidence or arguments regarding the Criminal Division FOIA request.  I have reviewed the materials and the parties' additional submissions. (ECF Nos. 55-61, 64).

## II.  LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  "The moving party bears the initial burden to show the district court . . . that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Id.*  Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III.  ANALYSIS

### A.  DOJ OPR FOIA Request No. 100011

DOJ argues that OPR properly refused to deny or confirm the existence of records pertaining to third parties that would be exempt from disclosure pursuant to FOIA Exemptions 6

and 7(C).  DOJ further argues that it issued the *Glomar* response[2] because to acknowledge the existence of records would reveal personal information that the FOIA exemptions are intended to protect.  FOIA Exemption 6 exempts disclosure of information contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."  5 U.S.C. § 552(b)(6).  Exemption 7(C) exempts from disclosure "records and information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information…could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).

To determine whether records are exempt from disclosure under Exemptions 6 or 7(C), a court must "balance the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny."  *Office of the Capital Collateral Counsel, N. Region of Fla. ex rel. Mordenti v. Dep't. of Justice,* 331 F. 3d 799, 802 (11th Cir. 2003) (quoting *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175 (1991)).  Exemption 7(C) provides more privacy protection than Exemption 6.  Exemption 7(C) prohibits any disclosure that "could reasonably be expected to constitute an unwarranted invasion of privacy," while Exemption 6 prevents any disclosure that "would constitute a clearly unwarranted invasion of privacy."  *See id*. at 803 n.6.  "The fact that an event is not wholly 'private' does not mean that an individual has no interests in limiting disclosure or dissemination of the information."  *Id.* at 803 (internal quotation marks omitted) (citing *U.S. Dep't of Justice v. Reporters Comm. For Freedom Of The Press*, 489 U.S. 749, 770 (1989)).

Where privacy concerns exist, the requesting party must show "a sufficient reason for the disclosure."  *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).  To do so, the

---

[2] "A Glomar response neither confirms nor denies the existence of the documents sought in the FOIA request.  The term has its origin in a case involving a FOIA request for information on the *GLOMAR EXPLORER* submarine-retrieval ship."  *Office of the Capital Collateral Counsel, N. Region of Fla. ex rel. Mordenti v. Dep't of Justice*, 331 F.3d 799, 801 n.3 (11th Cir. 2003).

requesting party must show (i) "that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and (ii) "the information is likely to advance that interest." *Id*.

I have conducted a careful *in camera* review of materials DOJ provided, and to the extent that the requested documents exist, they fall under Exemptions 6 and 7(C).[3]  The records, if any exist, constitute DOJ employees' personnel records, and reflect an OPR investigation into DOJ employees alleged to have committed acts of professional misconduct, which may result in civil or criminal penalties.  They contain personal reflections and assessments on the reasons why DOJ employees took certain actions.  They also contain third parties' reflections and assessments.  These third parties retain their privacy interests in the information they provided.  Based on these considerations, I find that these records, to the extent they exist, raise privacy concerns that Exemptions 6 and 7(C) address.

Having determined that privacy issues exist with respect to the requested materials, I turn to whether Bonilla demonstrates a sufficient reason for the disclosure.  I find that he does not.  Bonilla alleges that the DOJ employees committed "several violations of Federal Criminal law while performing official duties" in his criminal case.  Although the public has an interest in knowing about governmental misconduct, Bonilla does not provide any facts or information to suggest some form of governmental misconduct would come to light if he had access to the requested materials. *See Favish*, 541 U.S. at 174 ("[W]here there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure.  Rather, the requester must produce evidence that would

---

[3] I am mindful that the government has issued a *Glomar* response to this FOIA request. To preserve the third parties' privacy interests, I will neither confirm nor deny that any such actual records exist.

warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."). In sum, Bonilla has not presented any evidence "that would warrant a belief by a reasonable person" that any government misconduct occurred in his criminal case or in any other case. *See id.*

Having carefully reviewed the record and all submissions, I conclude that the disclosure of any requested materials, if they exist, would constitute an unwarranted invasion of privacy that is disproportionate to the public interest. *Cf. Office of the Capital Collateral Counsel,* 331 F. 3d at 803; *Kimberlin v. Dep't of Justice,* 139 F.3d 944, 949 (D.C. Cir. 1998). The DOJ employees' and third parties' privacy interests here outweigh the public's interest in disclosure, especially considering that a lot of the events discussed in the requested materials, if they exist, are already in court files in the public domain. *Cf. Office of the Capital Collateral Counsel,* 331 F. 3d at 804.

**B. DOJ Criminal Division FOIA Request No. 200900783**

DOJ contends that Plaintiff's FOIA request to the Criminal Division must be dismissed because Plaintiff failed to exhaust his administrative remedies. Specifically, DOJ states that Plaintiff failed to file a timely administrative appeal of OIP's April 7, 2010 determination of his FOIA request. Plaintiff maintains that his appeal was timely because the sixty-day deadline to file an appeal excludes weekends and holidays. In the alternative, Plaintiff argues that the relevant regulation is ambiguous because it does not specify whether it means calendar days or business days, that the agency's interpretation of the regulation is not entitled to deference, this Court should excuse the exhaustion requirement, and that filing an appeal would be futile.

Pursuant to 28 C.F.R. § 16.9, a person who is dissatisfied with an agency's response to his FOIA request must file an appeal "in writing and it must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request." In this litigation, DOJ has construed the sixty-day deadline to mean sixty calendar days, not sixty business days. DOJ

notes that there is nothing in § 16.9 or in the Criminal Division's response letter to indicate that any days should be excluded from the sixty-day appeal period.  Plaintiff argues that this Court should not give deference to DOJ's interpretation that "60 days" means calendar days because the interpretation is not supported by regulations, rulings, or administrative practice.

An agency's construction of its own regulations is entitled to substantial deference, "unless it is plainly erroneous or inconsistent with the regulation."  *U.S. Steel Mining Co. v. Dir., OWCP*, 386 F.3d 977, 985 (11th Cir. 2004); *see also Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 150 (1991).  Where "the meaning of the regulatory language is not free from doubt, the reviewing court should give effect to the agency's interpretation so long as it is reasonable, that is, so long as the interpretation sensibly conforms to the purpose and wording of the regulations."  *Martin*, 499 U.S. at 150-51 (internal quotation marks and citations omitted).  "Because applying an agency's regulation to complex or changing circumstances calls upon the agency's unique expertise and policymaking prerogatives, [courts] presume that the power authoritatively to interpret its own regulations is a component of the agency's delegated lawmaking powers."  *Id*. at 151 (citing *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 566, 568 (1980)).

Deference to an agency's interpretation "is not to be withheld merely because the agency's reading of the regulation comes in form of a legal brief."  *Drake v. F.A.A.*, 291 F.3d 59, 68 (D.C. Cir. 2002); *accord Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871, 880 (2011) ("[W]e defer to an agency's interpretation of its own regulation, advanced in a legal brief, unless that interpretation is plainly erroneous or inconsistent with the regulation.").  An agency's interpretation set forth in litigation is entitled to deference if it meets the following three preconditions:  (i) the interpretation relates to ambiguous language in a regulation; (ii) there is "no reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question"; and (iii) "the agency's reading of its regulation must be fairly supported by the text of the regulation

itself." *Drake*, 131 S. Ct. at 68 (quoting *Auer v. Robbins*, 519 U.S. 452, 461, 462 (1997)).

DOJ argues that the regulation's sixty-day filing requirement is not ambiguous.   The meaning of "sixty days" is plain on its face—it means sixty twenty-four hour periods, "as a day is commonly understood." *See Pleasant-El v. Oil Recovery Co.*, 148 F/3d 1300, 1302 (11th Cir. 1998) (quoting *Reid v. Universal Maritime Serv. Corp.*, 41 F.3d 200, 202 (4th Cir. 1994)).   This argument is persuasive, considering the language of the regulation.   The use of the word "days," without a qualifier suggests the regulation refers to calendar days.   Plaintiff's appeal was therefore untimely.

Even if I were to determine that the language is ambiguous, the result would be the same. DOJ's plain and reasonable interpretation of the sixty-day deadline in § 16.9 is not plainly erroneous or inconsistent with the regulation, and therefore it is entitled to substantial deference. There is no reason for me to suspect that the DOJ's interpretation of § 16.9 as referring to calendar days, not business days, reflects anything other than DOJ's fair and considered position on this issue.   Plaintiff has not pointed to any past practices or pronouncements that are inconsistent with DOJ's current position.   *Cf. Bigelow v. Dep't of Defense*, 217 F.3d 875, 878 (D.C. Cir. 2000).   In fact, OIP has consistently applied the deadline to mean sixty calendar days since its implementation in 1998.   (McLeod Decl. ¶¶ 4-6, 8, ECF No. 55-1).   Further, as discussed below, DOJ's reading is fairly supported by the text of the regulation and the general statutory framework.

Plaintiff points to another regulatory provision in 28 C.F.R. Part 16, which specifies a deadline as "calendar days."   *See* 28 C.F.R. § 16.5(d)(4).   Plaintiff concludes that if the sixty-day period in § 16.9 meant calendar days it would have explicitly stated so.   DOJ counters that the period in § 16.5 is a much shorter period of ten days, which would require a clarification that it consisted of calendar days.   This reading is consistent with 5 U.S.C. § 552.   There, the time periods consisting of twenty days or below include a clarification either by stating that holidays and weekend days are excluded or that the period consists of "working days."   *See, e.g.*, § 552(a)(6)(A),

(6)(B).  The time periods consisting of more than twenty days do not contain any clarification.  *See, e.g.*, § 552(e)(1)(G).[4]

In the alternative, Plaintiff argues that this Court should excuse his non-compliance with the administrative appeal process or find that compliance would be futile.  "The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  The exhaustion requirement is a pre-suit condition "intended to allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary."  *Id.* at 1367-68.  Once an agency has responded to a FOIA request, "the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies."  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *accord Smith v. F.B.I.*, 448 F. Supp. 2d 216, 220 (D.D.C. 2006) ("In a FOIA case, a plaintiff must exhaust the administrative appeal process set forth in 5 U.S.C. § 552(a)(6)(A) before seeking judicial review of a FOIA denial.").  A court may excuse the exhaustion of administrative remedies only in "extraordinary circumstances," and the petitioner "bears the burden of demonstrating the futility of administrative review."  *Jaimes v. United States,* 168 F. App'x 356, 359 (11th Cir. 2006) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)).

The FOIA contains a mandatory administrative appeals process.  Plaintiff does not point me to any legal authority to support a finding that this administrative remedy may be excused under the facts of this case.  Whether a plaintiff may ever assert a futility exception to the FOIA's administrative appeals process is questionable.  In any case, Plaintiff has not shown that this action

---

[4] DOJ's reading of § 16.9 is also consistent with 28 C.F.R. § 76.8's time computation provision, which excludes weekends and holidays for periods shorter than eleven days.  Although § 76.8 is not part of the DOJ's Judicial Administration regulations, it supports the consistent practice of only excluding weekends and holidays when the time prescribed is a much shorter period than sixty days.

presents extraordinary circumstances, nor has he adequately demonstrated that administrative review would be futile. *Cf. Jaimes*, 168 F. App'x at 359; *Smith*, 448 F. Supp. 2d at 220. I conclude, therefore, that Plaintiff's FOIA request to the Criminal Division must be dismissed because Plaintiff failed to exhaust his administrative remedies.

### IV. CONCLUSION

It is **ORDERED and ADJUDGED** that Defendant U.S. Department of Justice's Motion for Summary Judgment (ECF No. 30) is **GRANTED**. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 29th day of August 2012.

_____

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*